IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACY NIXON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1600-E-BN |
| | § | |
| DALLAS COUNTY TEXAS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Tracy Nixon filed a *pro se* complaint for monetary damages under 42 U.S.C. § 1983 against Defendant Dallas County, asserting that the medical care Nixon received while incarcerated at the Dallas County jail in June 2023 violated the Constitution. *See* Dkt. No. 2.

United States District Judge Ada Brown referred Nixon's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After Nixon served the complaint, Dallas County moved to dismiss is under Federal Rule of Civil Procedure 12(b)(6), and Nixon moved for leave to amend it. *See* Dkt. Nos. 5-19.

Nixon has now filed Plaintiff[']s Original Request for Application for Emergency Injunctive Relief [Dkt. No. 20], effectively a motion for a temporary restraining order (TRO), to enjoin Dallas County from housing inmates in the jail "due to the degraded condition of the pipes," which further requests that the Court

assume "oversight" of the jail and "make sweeping reforms to [the jail's] drinking water" (the TRO Motion).

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the TRO Motion.

## Discussion

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

But granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

To obtain a TRO, Nixon must therefore unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

The United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has

clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up). And "[t]he Fifth Circuit has held that except in those exceptional cases to prevent clear and imminent irreparable injury, the courts will not issue an injunction." *Young v. LeBlanc*, Civ. A. No. 17-6329, 2019 WL 1199099, at *2 (E.D. La. Mar. 14, 2019) (citation omitted).

Considering these legal standards, the TRO Motion should be denied.

First, the filings that Nixon has presented in this case reflect that he is no longer in custody at the jail. And, as a non-lawyer, *pro se* plaintiff, Nixon may only represent himself, not the claims of others, including current inmates at the jail. *See, e.g.*, *Oliver v. Trial Court Judges*, No. 3:15-cv-2962-P-BN, 2015 WL 6438477, at *3 (N.D. Tex. Sept. 15, 2015) ("Oliver, as a *pro se* prisoner, has 'neither the authority to represent anyone but [himself] nor the competence to protect the interests of other prisoners.' *Henderson v. Jamison*, No. C10–5802 RBL/KLS, 2011 WL 690616, at *2 (W.D. Wash. Jan. 31, 2011), *rec. adopted*, 2011 WL 690573 (W.D. Wash. Feb. 18, 2011) (in the context of class actions under Federal Rule of Civil Procedure 23) (citations omitted)."), *rec. accepted*, 2015 WL 6460030 (N.D. Tex. Oct. 21, 2015).

And, because it appears that Nixon is no longer incarcerated at the jail, he lacks standing to bring the "sweeping" conditions claims presented for the first time in the TRO Motion.

"Plaintiffs always have the burden to establish standing." *Barber v. Bryant*, 860 F.3d 345, 352 (5th Cir. 2017) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "Since they are not mere pleading requirements but rather an

indispensable part of the plaintiff's case, each element must be supported ... with the manner and degree of evidence required at the successive stages of litigation." *Id.* (quoting *Lujan*, 504 U.S. at 561). And, "[b]ecause a preliminary injunction 'may only be awarded upon a clear showing that the plaintiff is entitled to such relief,'" Nixon "must make a 'clear showing' that [he has] standing to maintain the preliminary injunction." *Id.* (footnote omitted)).

Nixon has not shown clearly that standing exists for him to maintain either a TRO or a preliminary injunction. In a similar case from this district, where a *pro se* prisoner plaintiff requested "a preliminary and permanent injunction against the TDCJ Parole Division to 'issue discharge certificates for all parolees being housed in the Wichita Co. jail as pre-trial [detainees] on charges occurring after their discharge date,'" the court found that the plaintiff lacked "standing to request that discharge certificates be issued for all parolees housed in the Wichita County Jail on charges occurring after their discharge dates" – "[t]hus, [he] was not entitled to injunctive relief." *Alaniz v. Lowe*, No. 7:18-cv-141-M-BP, 2019 WL 2931938, at *4 (N.D. Tex. June 13, 2019) (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *O'Hair v. White*, 675 F.2d 680, 687 (5th Cir. 1982); citation omitted), *rec. accepted*, 2019 WL 2929593 (N.D. Tex. July 8, 2019); *see also Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (per curiam) ("By the time Coleman filed his original complaint, he had been transferred from the Lincoln Parish Detention Center ... to the Jefferson Parish Detention Center. That transfer mooted his claims for declaratory and injunctive relief.... [A]nd the possibility of his transfer back to the LPDC is too speculative to

warrant relief." (citing *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001))).

That Nixon has not pled the claims presented in the TRO Motion, *compare* Dkt. No. 20, *with* Dkt. No. 2, also requires that the Court find that Nixon has not shown that he is entitled to a preliminary injunction, as "there can be no substantial likelihood that a plaintiff will prevail on the merits of assertions he has not pled." *Marable v. Dep't of Commerce*, No. 3:18-cv-3291-N-BN, 2019 WL 7049993, at *2 (N.D. Tex. Nov. 19, 2019) (citing *Wylie v. Mont. Women's Prison*, No. CV 13-53-BLG-SEH, 2014 WL 6685983, at *2 (D. Mont. Nov. 25, 2014) ("Wylie has not demonstrated a likelihood of success on the merits of her claims. Several of her claims have been served upon Defendants but there has been no showing of the likelihood of success on the merits of those claims. The [construed motion for a preliminary injunction] actually seeks relief unrelated to the pending claims because Wylie does not currently plead a denial of access to the courts claim."); citation omitted), *rec. accepted*, 2019 WL 7049703 (N.D. Tex. Dec. 20, 2019).

In sum, considering the deficiencies set out above and the barebones allegations in the TRO Motion, not supported by evidence, Nixon has not shown that the Court should take the extraordinary step of intervening in the operations of a jail. *See, e.g.*, *Young*, 2019 WL 1199099, at *2 ("Courts have repeatedly recognized the delicate nature of issuing injunctions that are requested in the prison setting. Specifically, federal courts, due to judicial restraint, reluctantly interfere with matters dealing with prison operations. Federal courts give a range of deference to

the decisions of prison administrators when it pertains to matters of prison administration, including discipline and the status of inmates." (citing *Smith v. Bingham*, 914 F.2d 740, 742 (5th Cir. 1990))).

## Recommendation

The Court should deny Plaintiff Tracy Nixon's motion for a temporary restraining order [Dkt. No. 20].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 29, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE